IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| KEVIN EUGENE KALLAND,<br><br>Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security<br><br>Defendant. | CV 17-15-BLG-SPW-TJC<br><br>**ORDER** |

On March 31, 2018 this Court reversed the decision of the Administrative Law Judge ("ALJ") in this matter, and remanded the case for further administrative proceedings. (Doc. 13.) The Court found the ALJ improperly discounted Plaintiff's credibility without providing specific, clear and convincing reasons for doing so, and also erred in failing to provide specific and legitimate reasons for discounting the opinions of Plaintiff's treating physician, Dr. Willis.

Thereafter, Plaintiff requested reasonable attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 15.) Defendant opposed Plaintiff's request, and the Court ordered Defendant to indicate its grounds for opposition. (Doc. 16.)

Under the EAJA, a prevailing party is entitled to attorney's fees when the government was not "substantially justified" in its actions. 28 U.S.C. §

1

2412(d)(1)(A). Defendant claims she was substantially justified in defending the case because (1) the ALJ provided "arguably valid reasons for questioning Plaintiff's testimony" and (2) she reasonably defended the case "despite the Court's finding of error with respect to Dr. Willis's opinion." (Doc. 17 at 2-3.) Plaintiff counters that Defendant's position was not reasonably based in law and fact. (Doc. 18 at 2.)

For the reasons set forth herein, the Plaintiff's motion is GRANTED.

## I. Legal Standard

28 U.S. C. § 2412(d) in relevant part provides:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

The position of the United States must be "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 563 (1988). "[T]o be substantially justified, the government's position must have a reasonable basis both in law and in fact." *Trujillo v. Berryhill*, 700 Fed. Appx. 764, 765 (9th Cir. 2017) (quoting *Decker v. Berryhill*, 856 F.3d 659, 663 (9th Cir. 2017). "[T]he existence of precedents construing similar statutes or similar facts is an important factor in determining whether the government's litigation position was

substantially justified." *Id.* (citing *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988)).

The Ninth Circuit has stated that a presumption arises under the EAJA "that fees will be awarded to prevailing parties . . . ." *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). The government bears the burden of proving its position was substantially justified. *Kali*, 854 F.2d at 332.

In the social security context, "the position of the United States includes both the government's litigation position [in the civil action] and the underlying agency action giving rise to the civil action." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). In determining whether the government's position in the underlying agency action was substantially justified, the Court must first look at the ALJ's decision. *Id.* at 872. The Court then considers whether the government's subsequent litigation position before the district court was substantially justified. *Id.* But if the Court determines that the government's underlying agency position was not substantially justified, it does not need to determine whether the government's litigation position was justified. *Id.*

A holding that an "agency's decision was unsupported by substantial evidence is a strong indication that the position of the United States was not substantially justified." *Id.* at 872 (internal quotations and citations omitted). Indeed, "it will be only a 'decidedly unusual case in which there is a substantial

3

justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.'" *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) (quoting *Al-Harbi v. INS*, 284 F.3d 1080, 1085 (9th Cir. 2002)

## II. Discussion

### A. Plaintiff's Testimony

Defendant first argues "the ALJ gave at least arguably valid reasons for questioning Plaintiff's testimony . . . and only discounted Plaintiff's claims of disability for a two-year period of time." (Doc. 17 at 2.) The Court finds Defendant's argument unpersuasive for the reasons discussed below.

As discussed in this Court's remand order, a two-step analysis is used to determine the credibility of a claimant's testimony. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The ALJ first determines whether the claimant presented objective evidence of an impairment or impairments that could reasonably be expected to produce the pain or symptoms alleged. *Id.* If the first step is satisfied and no affirmative evidence of malingering exists, the ALJ may only reject the claimant's testimony by providing "specific, clear and convincing reasons." *Id.* "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

4

Here, the first prong of the test was not at issue. To satisfy the second prong, then, the ALJ was required to cite specific, clear and convincing reasons for rejecting Plaintiff's testimony concerning the severity of his impairments. This Court found the ALJ failed to do so. As the Court discussed, the ALJ supported its rejection of Plaintiff's testimony by citing unspecified medical records indicating the worsening of symptoms (A.R. 27), and by pointing to unspecified treatment records containing "significant evidence" that claimant "retained strength and range of motion and was able to participate in some recreational activities." *Id.* As the Court found, these reasons fail to meet the clear and convincing standard required to discredit Plaintiff's testimony.

Additionally, the ALJ consistently failed to explain why his findings impacted Plaintiff's credibility or were inconsistent with Plaintiff's testimony. The ALJ failed to link Plaintiff's testimony with any particularity to the record, leaving his non-credibility finding unsupported.

The Court thus disagrees with the Defendant's argument that the ALJ's findings are "arguably valid." The ALJ's unsupported findings were plainly insufficient to meet the clear and convincing standard established by the Ninth Circuit. Since the government's underlying agency action was not substantially justified, it is not necessary to determine whether the government's litigation position before this Court was justified. *Meier*, 727 F.3d at 872. Nevertheless,

given the substantial insufficiency of the ALJ's analysis of this issue, the Court further concludes that the government did not reasonably choose to defend the ALJ's credibility determination. Therefore, neither the government's agency position nor its litigation position were substantially justified.

**B. Treating Physician's Testimony**

Next, Defendant argues it was reasonable to "defend the case despite the Court's finding of error with respect to Dr. Willis's opinion." (Doc. 17 at 3.) Again, the Court finds Defendant's argument unpersuasive for the reasons discussed below.

A treating physician's medical opinion is given controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c)(2). To discount the controverted opinion of a treating physician, the ALJ must provide "specific and legitimate reasons supported by substantial evidence in the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting evidence, stating his interpretation thereof, and making findings." *Id.* (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). The ALJ cannot simply offer his

conclusions, but "must set forth his own interpretations and explain why they, rather than the doctors' are correct." *Reddick*, 157 F.3d at 725.

Even if the treating physician's opinion is not given controlling weight, the ALJ cannot simply reject the opinion. Treating source opinions are still entitled to deference and must be weighed using all the factors provided in 20 C.F.R. § 404.1527(c).

Having treated Plaintiff for multiple years, and whose treatment records form a substantial portion of the pertinent medical evidence in this case, Dr. Willis is Plaintiff's primary treating physician. As previously noted by this Court, in August 2010 Dr. Willis opined "that the claimant could not return to his prior work status or functional status . . . due to chronic right shoulder pain, recurrent rotator cuff tear, and neurogenic discomfort." (A.R. 27, 613.) The ALJ acknowledged Dr. Willis's opinion, but in two short sentences, afforded his opinion "little weight." (A.R. 27.) Specifically, the ALJ stated Dr. Willis had no vocational expertise and "his opinion states little more than a finding reserved to the Commissioner." *Id.*

As previously discussed in this Court's remand order, the ALJ's decision plainly failed to provide "specific and legitimate reasons supported by substantial evidence in the record" to discount Dr. Willis's medical opinion. *Molina*, 674 F.3d at 1111. Further, the ALJ wholly failed to consider the appropriate factors to

determine what weight to accord the opinion. The ALJ must consider the factors provided in 20 C.F.R. § 404.1527(c) in making such a determination, and "[t]his failure alone constitutes reversible legal error." *Trevizo*, 871 F.3d at 676.

Therefore, the government's underlying agency position was not substantially justified with respect to Dr. Willis's opinion. Further, given the deficiency in the ALJ's analysis, the Court is not convinced the government's defense of the ALJ's decision was reasonable.

In addition, Defendant's complaint that Plaintiff's argument on the treating physician issue was not sufficiently presented in his opening brief is unconvincing. Plaintiff raised the issue in his opening brief. (Doc. 10 at 19-21.) To be sure, the Plaintiff's argument could have been presented with more clarity. Nevertheless, the Plaintiff raised the issue, and the Defendant was on notice of the claim. Defendant obviously has expertise regarding the standards applied to a treating physician's opinions, and evaluating whether those standards were appropriately applied by the ALJ in this instance.

## IV. Conclusion

For the foregoing reasons, the Court finds Defendant has failed to meet her burden of showing the government's position was substantially justified under the EAJA.

Plaintiff is the prevailing party and is an individual whose net worth does not exceed $2,000,000.00. 28 U.S.C. § 2412(d)(2)(B). Plaintiff requests attorney's fees in the amount of $7,041.77 reflecting 3.2 hours worked at the rate of $192.68 per hour, and 32.65 hours worked at the rate of $196.79 per hour. (Doc. 15 at 3-6.) Plaintiff also requests costs of $400.00. (Doc. 15 at 4.) Defendant has not presented any argument to contest the reasonableness of the fees claimed. Therefore, the Court finds the hourly rate is reasonable, as is the number of attorney hours expended and the costs incurred.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Application for Award of EAJA Fees and Costs is GRANTED.

Defendant must promptly pay Plaintiff's counsel fees in the amount of $7,041.77, and costs of $400.00.

**IT IS ORDERED**.

DATED this 22nd day of October, 2018.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge